UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NOAH A. MESSING | : |
| | : |
| | : CIVIL ACTION NO. |
| | : 3:19-CV-1442-AWT |
| V. | : |
| | : |
| | : |
| TOWN OF HAMDEN | : JANUARY 27, 2020 |

**REPLY TO PLAINTIFF'S OBJECTION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.   INTRODUCTION**

Pursuant to D. Conn. L. Civ. R. 7(d) and Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure, the defendant, Town of Hamden, hereby submits this reply memorandum of law in response to plaintiff's Objection to Defendants' Motion to Dismiss.  (Document 18).

**II.   ARGUMENT**

    **A.   COUNTS 1 AND 2 SHOULD BE DISMISS AS PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW**

As discussed in defendant's Memorandum, at best, plaintiff has stated a negligence or other tort claim against the Town of Hamden concerning its repaving of Deepwood Drive and thus, plaintiff's Complaint should be dismissed for failure to state a plausible takings claim. Page 7 of plaintiff's Objection contains plaintiff's entire analysis in opposition to defendant's argument.

Initially, plaintiff's Objection does not address, nor can he, the fact that the plaintiff has failed to state a plausible claim that the Town of Hamden intended to invade Plaintiff's property with surface water runoff, or that the repaving of Deepwood Drive "guaranteed" that 10

1

Deepwood Drive would flood or that it was the intended "direct, natural, or probable result" of the Town's public works project. "If the most that can be said is that the government's actions are only 'a contributing factor towards' the flooding, in contrast to the flooding being 'the natural or probable consequence' of those actions, then 'a tort action may lie in the proper forum for such an incidental or consequential injury,' but not an action for taking." In re Upstream Addicks & Barker (Tex.) Flood-Control Reservoirs, 2019 U.S. Claims LEXIS 1976, at *88-89 (Fed. Cl. Dec. 17, 2019); citing Columbia Basin Orchard v. United States, 132 Ct. Cl. 445, 132 F. Supp. 707, 709 (1955). Accordingly, because plaintiff's Complaint plainly alleges that the increased surface water runoff allegedly entering Plaintiff's property was an incidental or consequential injury inflicted by the Town of Hamden's repaving project, the Plaintiff's Complaint alleges negligence against the Town of Hamden and not a constitutional taking.

Plaintiff's entire substantive argument in opposition to defendant's Motion to Dismiss the Takings Claim of Count 1concerns the issue of whether the alleged invasion of water appropriated any benefit to the Town of Hamden, or that plaintiff's property was taken for the use of the Town. Plaintiff's arguments, like his Complaint, fail to raise a plausible claim.

Plaintiff argues that the facts pled support a conclusion that the Town did benefit from its alleged negligence in repaving Deepwood Drive by not "adding a drainage system in order to reduce the cost of the project" which in turn "avoided having thousands of gallons of water flow onto a busy road, Whitney Avenue that lies at the bottom of the hill where plaintiff's house is located" "to avoid traffic problems or to achieve other goals." However, even if plaintiff's assertions were true, it would not provide a benefit to the Town because Whitney Avenue is not a Town road, but rather a State of Connecticut road, with a designation of Route 707.[1]

---

[1] See, *Connecticut Department of Transpiration State Highway Log* at page. 361.
https://portal.ct.gov/-/media/DOT/documents/dpolicy/hwylog/HighwayLog_2018_Final.pdf?la=en

2

The defendant does not submit that the plaintiff is without remedy or redress for his alleged claims.  The defendant respectfully submits that the plausible inference of Plaintiff's allegations supports a claim sounding in tort, not a constitutional Takings claim.  To find otherwise would permit every property owner to proceed with a constitutional claim every time a state or municipality negligently undertakes a roadway or public works project that inadvertently adversely affects an adjoining property owner.   Such remedies are founded and based on tort, not Taking of Property under the Fifth Amendment.  Accordingly as discussed above and in defendant's Memorandum, the plaintiff has stated a negligence or other tort allegation against the Town of Hamden concerning its repaving of Deepwood Drive and Count I should be dismissed for failure to state a plausible takings claim.

  **B.**  **THIS DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION OVER COUNT 3 OF THE PLAINTIFF'S COMPLAINT BECAUSE IT PERTAINS TO MUNICIPAL TAXATION**

Plaintiff claims that he lacks a "plain, speedy and efficient remedy in state court" is incorrect and based on an unsupported interpretation of the Connecticut General Statutes. Contrary to plaintiff's interpretation, Conn. Gen. Stat. 12-119 clearly provides the plaintiff with a plain, speedy and efficient remedy.

The flaw in plaintiff's argument concerns the date that he claims his property was assessed.  The plaintiff argues that because the Town of Hamden did a Town-wide revaluation on October 1, 2015, he is precluded from bringing a state court claim under Conn. Gen. Stat. 12-119 because it contains a one year statute of limitations.  This is not so.  A revaluation is not an assessment. Assessments for Connecticut property purposes occur every year.

> Our appellate courts uniformly have held that "the date as of which the property was last evaluated for purposes of taxation" refers to the assessment date. As our Supreme Court has stated, "property [is] assessed for purposes of taxation on October 1 of each year. The claim that... property ha[s] been wrongfully or

>excessively assessed [may be] appealed... by direct action to the court within one year from the date when the property was last evaluated for purposes of taxation pursuant to § 12-119." (Footnote omitted.) Norwich v. Lebanon, 193 Conn. 342, 346-48, 477 A.2d 115 (1984); see also Wilson v. Kelley, 224 Conn. 110, 122 n.10, 617 A.2d 433 (1992) ("[o]ur decision today... requires that a declaratory judgment action that is predicated on the substantive rights of § 12-119 be brought within one year of the date of assessment").

Cornelius v. Arnold, 168 Conn. App. 703, 712, 147 A.3d 729, 735 (2016).

Accordingly, plaintiff could have appealed his 2015 assessment on or before October 1, 2016, his 2016 assessment on or before October 1, 2017, and so on.  The fact that the plaintiff's property was revaluated in 2015 makes no difference.  In fact, the plaintiff could have also utilized assessment appeals process of Conn. Gen. Stat. 12-117 by bringing an appeal within 30 days after each years October 1st assessment.  Plaintiff's claims and arguments otherwise are unsupported.

Thus, because the Plaintiff's claims constitute a challenge to "the assessment, levy or collection of any tax under State law" this court lacks jurisdiction over the subject matter and the Court should dismiss Count 3.

### III. CONCLUSION

Wherefore, based on the foregoing and the arguments contained in defendant's Motion and Memorandum, the defendant respectfully requests that this Court dismiss plaintiff's Complaint.

                THE DEFENDANT,
                TOWN OF HAMDEN

BY:    */s/ Scott R. Ouellette*
        Scott R. Ouellette, Esq.
        Williams, Walsh & O'Connor, LLC
        37 Broadway
        North Haven, CT  06473
        Telephone: 203-234-6333
        Facsimile: 203-234-6330
        Federal Bar No. ct26827
        souellette@wwolaw.com

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Scott R. Ouellette*