UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NOAH A. MESSING | : |
| | : |
| | : CIVIL ACTION NO. |
| | : 3:19-CV-1442-AWT |
| V. | : |
| | : |
| TOWN OF HAMDEN | : FEBRUARY 7, 2020 |

# RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed**:

September 13, 2019

**Date Complaint Served**:

September 16, 2019

**Date of Defendants' Appearance**:

September 26, 2019

**Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on October 28, 2019 to present. The participants were:**

Noah A. Messing, for the plaintiff, pro se

James G. Williams, Esq. and Scott R. Ouellette, Esq. for the defendant

I.  **CERTIFICATION:**

Undersigned counsel/Plaintiff certify that, after consultation between counsel and

Defendant, they have discussed the nature and basis of the parties' claims and defenses

and any possibilities for achieving a prompt settlement or other resolution of the case

1

and, in consultation with the parties, have developed the following proposed case management plan, most of which the parties agree on.  Counsel for Defendant further certifies that they have forwarded a copy of this report to their client.

## II. JURISDICTION:

### A. Subject Matter Jurisdiction

Jurisdiction of the plaintiff's claim is proper pursuant to 28 U.S.C. § 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

### B. Personal Jurisdiction

Personal jurisdiction is not contested.

## III. BRIEF DESCRIPTION OF CASE:

### A. Claims of Plaintiff:

Defendant repaved a road in Hamden, CT in a manner that caused serious flooding at Plaintiff's property during moderate and heavy rains. Plaintiff has alleged three claims but consents to dismissing one of them. The first rests on the Takings Clause—for a taking of property caused by the flooding of his property, which stemmed directly from Defendant's actions. Plaintiff seeks damages under this claim. The second claim—which Plaintiff consents to dismissing without prejudice after reviewing Defendant's motion to dismiss—arises under 28 U.S.C. § 1983 and alleges that failing to pay compensation after flooding a homeowner's property is a violation of Plaintiff's rights and arises as part of a pattern and practice of cost-cutting that results in water-runoff problems. The third claim arises under state law, C.G.S. 12-119, which prohibits taxing a property at a "manifestly excessive" rate; the Complaint alleges that, largely or wholly because of Defendant's actions, the home in question has plummeted in

value—as confirmed by sales data—making the current tax rate manifestly excessive. For this claim, Plaintiff seeks equitable relief.

    B.    <u>Defenses</u>:

The defendant denies plaintiff's allegations as alleged. The defendant has not had a full opportunity to properly investigate this matter and therefore reserves their right amend its responses. Based upon their knowledge to date, the defendant denies that any of its actions were unconstitutional, discriminatory, illegal, inappropriate or otherwise in violation of any law. The defendant further asserts the following defenses: (a) qualified governmental immunity; (b) qualified immunity in that their conduct did not violate clearly established statutory or constitutional rights that a reasonable person would have known of; and (c) failure to state a claim.

**IV.**    **STATEMENT OF UNDISPUTED FACTS:**

    Counsel certifies that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. Plaintiff, Noah Messing, resides at 34 Deepwood Drive in Hamden, CT.
2. Plaintiff owns the home in question in the litigation, which is located at 10 Deepwood Drive in Hamden, CT.
3. Defendant is the Town of Hamden, located in New Haven County, within the State of Connecticut. For purpose of this litigation the Defendant is located at 2750 Dixwell Avenue, Hamden, CT 06518.

**V.**    **CASE MANAGEMENT PLAN:**

**A.**    **Standing Order on Scheduling in Civil Cases**

The parties request the following modifications to the Standing Order on Scheduling in Civil Cases as follows:  The parties request longer periods for discovery.

1. <u>Scheduling Conference with the Court</u>

    The parties request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. Rule Civil Procedure 16(b).

2. <u>Early Settlement Conference</u>

    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  The Defendant does not request an early settlement conference.  Plaintiff requests an early settlement conference. At an appropriate time, Defendant prefers a settlement conference with a United States Magistrate Judge.  Plaintiff defers to the preference of the Court.  Defendant does not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.  Plaintiff requests such a referral.

3. <u>Joinder of Parties and Amendment of Pleadings</u>

    a. The plaintiff does not seek additional time to file motions to join additional parties.

    b. The defendant does not seek additional time to file motions to join additional parties; new parties may be joined or pleadings amended only by leave of the court for good cause.

    c. The defendant should also be allowed thirty (30) days from the date of the service of any amended pleading to file a responsive pleading to any amended complaint or other pleading that is served by plaintiffs.

4. <u>Discovery</u>

a. The parties anticipate that discovery will be needed on the following subjects:

- The nature and substance of the plaintiff's claims;
- The nature and substance of the plaintiff's alleged damages; and
- The nature and substance of the defendants' defenses.

b. Fact discovery is ongoing and will end on: Plaintiff proposes August 15, 2020; Defendant proposes January 15, 2021.

c. The parties' Rule 26(a)(1)(A) disclosures shall be made by June 15, 2020.

d. Discovery will not be conducted in phases.

e. All Discovery will be completed by: Plaintiff proposes August 15, 2020; Defendant proposes January 15, 2021

f. Early discovery is not requested.

g. The parties anticipate that the plaintiff will require five (5) depositions of fact witnesses and the defendants will require three (3) depositions of fact witnesses (excluding expert depositions).  The depositions of fact witnesses will commence upon the Court's resolution of defendant's pending motion to dismiss and be completed by: Plaintiff proposes August 15, 2020; Defendant proposes December 20, 2020

h. The parties do not request permission to serve more than twenty-five interrogatories at this time.  However, the parties reserve the right to file a motion requesting permission to serve additional interrogatories.

i. Plaintiff intends to call one expert witness at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a) by: Plaintiff proposes May 30, 2020, Defendant proposes

5

      July 30, 2020.  Depositions of any such experts will be completed by: Plaintiff proposes May 30, 2020, Defendant Proposes September 30, 2020.

j. Defendants intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by no later than: Plaintiff proposes June 30, 2020; Defendant proposes October 30, 2020.  Depositions of such experts will be completed by no later than: Plaintiff proposes July 30, 2020; Defendant proposes December 30, 2020.

k. A damages analysis will be provided by any party who has a claim or counterclaim for damages by July 31, 2020.

l. Undersigned Counsel and Plaintiff have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to preserve electronically stored records (as they may exist) retroactive to the date of the first event alleged in the Complaint, in so far as said. The parties will reach further agreement on exactly what form the disclosure of the electronic information will take. Both sides agree to instruct the parties to preserve these records. As more information becomes available, the parties will reach an agreement on costs of the electronic discovery.

m. Undersigned counsel and Plaintiff have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including

procedures for asserting privilege claims after production. The parties agree that if any information that is privileged or subject to work-product protection is inadvertently disclosed, the disclosing party will have fifteen (15) days from the disclosure to assert the privilege or work-product protection and seek the return of the information. The party to whom the information is disclosed agrees not to review the information after the assertion of privilege or work-product and further to not duplicate that information or further disclose it to others.

n.  Dispositive Motions, if any, will be filed on or before: Plaintiff proposes September 15, 2020; Defendant proposes February 15, 2021.

o.  The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed ninety (90) days after the close of expert discovery, in the event that no dispositive motion is filed.  In the event a dispositive motion or motions are filed, the joint trial memorandum shall be filed no later than forty-five (45) days after entry of a ruling on the dispositive motion or motions.

p.  Trial Ready Date-This case will be ready for trial on February 15, 2021, or sixty (60) days after the Court's ruling on any dispositive motion, whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the court to promote the just, speedy and inexpensive determination of this action.

> THE PLAINTIFF [Pro se]
> NOAH A. MESSING
>
> /s/ *Noah A. Messing*
> 127 Wall Street
> New Haven, CT 06510
> noah.messing@yale.edu

                    Tel.: (203) 500-6293

                    THE DEFENDANT,
                    TOWN OF HAMDEN

BY:    */s/ James G. Williams*
        James G. Williams, Esq.
        Williams, Walsh & O'Connor, LLC
        37 Broadway
        North Haven, CT  06473
        Telephone: 203-234-6333
        Facsimile: 203-234-6330
        Federal Bar No. ct01938
        jwilliams@wwolaw.com

BY:    */s/ Scott R. Ouellette*
        Scott R. Ouellette, Esq.
        Williams, Walsh & O'Connor, LLC
        37 Broadway
        North Haven, CT  06473
        Telephone: 203-234-6333
        Facsimile: 203-234-6330
        Federal Bar No. ct26827
        souellette@wwolaw.com

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

<em>/s/ James G. Williams</em><br>James G. Williams